# NATIONAL PAPER PRODUCTS CO. *v.* HELVERING, COMMISSIONER OF INTERNAL REVENUE.*

No. 35.   Argued October 17, 1934.—Decided November 5, 1934.

*Mr. John Francis Neylan,* with whom *Mr. J. Paul Miller* was on the brief, for petitioners.

*Assistant to the Attorney General Stanley,* with whom *Solicitor General Biggs, Assistant Attorney General Wideman,* and *Mr. James W. Morris* were on the brief, for respondent.

---

* Together with No. 36, *Zellerbach Paper Co.* v. *Helvering, Commissioner of Internal Revenue,* certiorari to the Circuit Court of Appeals for the Ninth Circuit.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

These cases present in slightly different circumstances a question substantially the same as the one considered in Nos. 37 to 39, decided herewith. [*Zellerbach Paper Co.* v. *Helvering, ante,* p. 172.]

Here, on July 15, 1925, the Zellerbach Paper Company filed for itself and its subsidiary, National Paper Products Company, a consolidated return under the Revenue Act of 1924 (43 Stat. 253) for the fiscal year ending April 30, 1925.

On February 26, 1926, the Revenue Act of 1926 (44 Stat. 9) was enacted effective retroactively in respect of income taxes (with exceptions not now important) as of January 1, 1925. §§ 286, 1200.

The tax payable by the petitioners for the preceding fiscal year was changed by the new act in one respect only. For the four months of that year following January 1, 1925, the 12½ per cent. tax fixed by the Act of 1924 was increased to 13 per cent, § 230 (a) (1), an amount ascertainable through a simple computation when once the data had been supplied for separating income attributable to 1925 from income attributable to an earlier time. For other taxpayers differently situated the changes might be different or greater. So far as the new act affected the petitioners it changed the rate and nothing else.

In accordance with Treasury Decision 3843 * which

---

* " Any corporation which has filed a return for a fiscal year ending in 1925 and paid or become liable for a tax computed under the revenue act of 1924, and is subject to additional tax for the same period under the revenue act of 1926, must file a new return covering such additional tax on or before May 15, 1926. Payment of the additional tax may be made at the time the return is filed or, if installment payments are desired, such installments must be paid at the time they would be due if based upon a return for the fiscal year ended February 28, 1926."

called for an additional return whenever there was an additional tax, the Zellerbach Paper Company for itself and its subsidiary filed a document which amounted to an " amended return " and was so stamped by a representative of the Commissioner of Internal Revenue. The new return did not repeat what had been stated in the return of July, 1925, then upon the files. All that it did was to refer to the net income as previously reported, and then apply the new rate to that part of the income stated to be attributable to 1925.

On October 10, 1928, the Commissioner of Internal Revenue gave notice of deficiency assessments against the two petitioners. The period of limitation prescribed by the Act of 1926 is three years after the filing of the return. § 277 (a) (1). If the three years began to run upon the filing of the original return in July, 1925, the assessments were too late. If the term began to run when the additional return was filed (May 14, 1926), the assessments were in time.

The Court of Appeals for the Ninth Circuit affirmed the determination of the Board of Tax Appeals, 26 B. T. A. 92, upholding the action of the Commissioner, 69 F. (2d) 857, and again, as in Nos. 37 to 39, refused to adhere to a contrary ruling in courts of coördinate jurisdiction. *Myles Salt Co., Ltd.* v. *Commissioner,* 49 F. (2d) 232; *Isaac Goldmann Co.* v. *Commissioner,* 60 App. D. C. 265; 51 F (2d) 427; *Valentine-Clark Co.* v. *Commissioner,* 52 F. (2d) 346. Writs of certiorari followed. 292 U. S. 621.

The points of difference between these cases and Nos. 37 to 39 are these: Here the new statute was the Revenue Act of 1926, superseding as of January 1, 1925, the Act of 1924; there the new statute was the Act of 1921, superseding as of January 1, 1921, the Act of 1918. Here the change applicable to the petitioners was an increase of the rate; there the applicable change was the disallow-

ance of a credit. Here the taxpayers filed an additional return, supplementing the original one by a statement of the additional taxes due; there the taxpayer stood upon the original return, and omitted to file another.

The conclusion is unaffected by any of these points of difference.

For reasons stated in our opinion in Nos. 37 to 39, the period of limitation began to run on the filing of the first return, and a return for additional taxes, even if filed afterwards, was an amendment or supplement which did not toll the statute.

The decrees should be

*Reversed.*