ALEXANDER C. HOWE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101426. Promulgated July 3, 1941.

*Charles H. Buckley, Esq.,* for the petitioner.
*Allen T. Akin, Esq.,* for the respondent.

---

OPINION.

TURNER: Section 23 (c) (2) of the Revenue Act of 1936 provides in short that "a taxpayer who does not signify in his return his desire to have to any extent the benefits of section 131." shall be allowed a deduction for income, war profits and excess profits taxes paid to a foreign country. Section 131 provides that if a citizen of the United States signifies in his return his desire to have the benefits of that section, the tax imposed is to be credited with "the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country."

The petitioner paid during the taxable year, through withholding by Canadian corporations from which he received dividends, $228.36 in income taxes to the Canadian Government. He did not signify in his income tax return filed on March 12, 1938, any desire to have the benefits of section 131, but by reporting only the net dividends received from Canadian corporations had in effect the benefit of a deduction of the said taxes as provided by section 23 (c) (2), *supra*. The record will not support a finding whether either the petitioner or Miss McManus was aware that the Canadian corporations had not transmitted the face amount of the dividends declared or had withheld the Canadian income tax thereon and had transmitted only the net amount of the dividends. About the most that may be said with certainty is that Miss McManus did not know the amount withheld until a later date. In the absence, however, of the expression by the petitioner "in his return" of a desire to have the benefit of the credit provided by section 131, there can be no question that in so far as the Canadian dividends are concerned the return filed on March 12, 1938, reported and disclosed a correct result. It may not be said therefore that the return was incorrect with respect to petitioner's income tax liability on the dividends received from the Canadian corporations.

The petitioner, relying on *Ralph Leslie Raymond*, 34 B. T. A. 1171, and *Mead Coal Co.* v. *Commissioner*, 106 Fed. (2d) 388, contends that his claim for credit made in the return filed on June 23, 1938,

was a claim "in his return within the meaning of section 131" and that the respondent is in error in his denial thereof. The respondent relies on *Shire* v. *McGowan*, decided by the United States District Court for the Western District of New York on May 25, 1939, and *Marcy* v. *McGowan*, decided by the same court on May 20, 1940, and contends that inasmuch as the petitioner reported only the net amount of dividends in his return filed on March 12, 1938, which was the only return filed by the petitioner within the statutory period prescribed for the filing of such return, the petitioner in effect claimed the Canadian tax as a deduction and did not comply with the requirements of the statute with respect to the allowance of the Canadian tax as a credit.

*Shire* v. *McGowan*, *supra*, relied on by the respondent, is directly in point. In that case the taxpayers undertook to obtain by amended return the benefit of a credit for income taxes paid to the Dominion of Canada instead of the deduction benefit allowed under section 23 of the statute and obtained on the return originally filed. The court held that the taxpayers, having had the benefit of the deduction provided by section 23 and not having elected on their return to have the benefit of the credit, were not permitted a new election by means of an amended return. It does not appear that any question was raised as to the possible effectiveness of an amended return filed prior to the expiration of the period for filing a return for the year to which the amended return was applicable, but the facts show that the amended return to which effect was sought to be given was filed after the expiration of such period.

There can be no question that *Mead Coal Co.* v. *Commissioner*, *supra*, relied on by the petitioner, directly supports the proposition for which he contends, namely, that an election to take the credit might be made by amended return filed during the period within which the Commissioner might assess the tax. That case dealt with the provisions of the statute governing the election to take depletion on certain mines and mineral deposits on a percentage basis and the statute governing the election prescribed that the intention to claim depletion on the percentage basis should be signified by the taxpayer in his first return. The taxpayer made no such election in his first return but did so in a second return filed after the period prescribed by statute for filing returns for the year in question had expired. The court, reversing the Board, held that the term "first return" did not mean the first form filed, but included a second return even though filed after the time prescribed by the statute for filing a return for the year in question where the second return was filed for the purpose of amending the return originally filed and to correct

a mistake made without any intent on the part of the taxpayer to take undue advantage with reference to tax payments. The difficulty with the petitioner's reliance on that case, however, is that it has been overruled by the Supreme Court in *Riley Investment Co.* v. *Commissioner*, 311 U. S. 55, and is not a proper statement of the law of that case. There the Supreme Court held that a return filed after the period prescribed for filing the return for the year in question was not the first return within the meaning of the statute.

In the instant case the statute requires that the election to take the credit here sought must be signified by a taxpayer "in his return." It does not use the word "first" in conjunction with the word "return" and on first impression certainly it might appear that the situation here is more favorable to the taxpayer than was true in *Riley Investment Co.* v. *Commissioner*, *supra*, and *Mead Coal Co.* v. *Commissioner*, *supra*. In *Riley Investment Co.*, the Supreme Court, after noting that the Treasury has been liberal in accepting amended returns even though filed after the expiration of the period for filing original returns, called attention to the fact that it was not there dealing with a case where a taxpayer was merely demanding a correct computation of his tax for a prior year based on facts as they existed, but, to the contrary, was dealing with an amendment which changed the basis on which the taxpayer's income was computed for the taxable year and for all years thereafter. Pointing out that the opportunity to so change the basis for computing taxable income was a matter of legislative grace and that "the election had to be made in the manner and in the time prescribed by Congress", the Court concluded that the election could be made only "in an original return or a timely amended return" and that an amendment of the character there involved "would be timely only if filed within the period provided by the statute for filing the original return." "To extend the time beyond the limitation prescribed in the act", said the Court, "is a legislative, not a judicial function."

In this case, as in *Riley Investment Co.* v. *Commissioner*, *supra*, the petitioner asks recognition of an amendment designed not "to correct errors and miscalculations in the original return" but an amendment which, if allowed, would fundamentally change the method of determining petitioner's taxable income and the basis for determining the amount of his income tax liability. No desire to have the credit for Canadian income taxes as provided by section 131 having been expressed on the return filed on March 12, 1938, that return, in so far as the Canadian dividends were concerned, was a correct return under section 23 (c) (2) and there was no occasion for the filing of an amended return except for the purpose of making a change in the

method or basis of computing taxable income, a change which the Supreme Court held in the *Riley Investment Co.* case was not permissible unless the election therefor was made in the restricted manner and time prescribed by the statute. Such a change was fundamental and was regarded by the Supreme Court as the filing of a new and different return and not an amendment or revision of the return already filed.

It is our opinion that what the Supreme Court said with respect to the filing of a second return to obtain the benefits of the election prescribed by section 114 (b) (4) of the Revenue Act of 1934 is equally applicable to the provision for the election to take credit for foreign income taxes paid under the provision of section 131, *supra*, and we conclude that, since the return originally filed by petitioner for 1937 was in effect a correct result under section 23 (c) (2) with respect to the Canadian dividends, the second return filed after the period prescribed by statute for the filing of the return for such year is not effective to change the basis or method for computing the net income with respect to such dividend.[1]

With respect to *Ralph Leslie Raymond, supra,* strongly relied on by petitioner, it may be said that in reaching our conclusion there we did not have the benefit of the pronouncements of the Supreme Court in *Riley Investment Co.* v. *Commissioner, supra;* but, even so, there are certain factual distinctions between the *Raymond* case and the instant case which make it unnecessary in reaching our conclusion here to reconsider our holding in that case.

*Decision will be entered for the respondent.*

---

[1] For cases dealing with the question of what constitutes the return of the taxpayer or a proper amended return under various provisions of the income tax statutes, see *Rose* v. *Grant*, 39 Fed. (2d) 340; certiorari denied. 288 U. S. 867; *McIntosh* v. *Wilkinson* (Dist. Ct. Wis.), 36 Fed. (2d) 807; *John D. Biggers*, 39 B. T. A. 480; petition for review dismissed, C. C. A. 6th Circuit, Mar. 12, 1940, involving joint or separate returns of husband and wife; *Alameda Investment Co.* v. *McLaughlin*, 33 Fed. (2d) 120; *Radiant Glass Co.* v. *Burnet*, 54 Fed. (2d) 718; *Safety Electric Products Co.* v. *Helvering*, 70 Fed. (2d) 439, involving separate or consolidated returns of affiliated corporations; *Florsheim Brothers Dry Goods Co.* v. *United States*, 280 U. S. 453; *Zellerbach Paper Co.* v. *Helvering*, 293 U. S. 172; *National Paper Products Co.* v. *Helvering*, 293 U. S. 183; *Union Pacific Railroad Co.* v. *Bowers*, 24 Fed. (2d) 788; certiorari denied, 278 U. S. 601; *Northern Anthracite Coal Co.*, 21 B. T. A. 1116, involving the period of limitations; *Automobile Loans, Inc.*, 36 B. T. A. 809, involving liability for personal holding company surtax; *Taylor Securities, Inc.*, 40 B. T. A. 696, involving the allowability of certain deductions to a foreign corporation; and *Haggar Co.* v. *Helvering*, 308 U. S. 389; *Scaife & Sons Co.* v. *Commissioner*, 117 Fed. (2d) 572; *Jordan Creek Placers*, 43 B. T. A. 131; *Brockway Glass Co.*, 43 B. T. A. 267, involving capital stock tax returns.