**In the Matter of John ARENSON, Debtor.**

**John ARENSON, Plaintiff,**

v.

**UNITED STATES of America, Acting through the INTERNAL REVENUE SERVICE, Defendant.**

No. BK89–41092.
Adv. No. A90–4048.

United States Bankruptcy Court,
D. Nebraska.

Dec. 6, 1991.

Vincent M. Powers, Lincoln, Neb., for debtor.

Virginia Cronan Lowe, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Debtor filed this adversary proceeding seeking to determine dischargeability of debtor's obligations for 1981, 1982 and 1983 federal income taxes. The debtor asserts that the federal income tax liabilities assessed against the debtor for the years 1981, 1982 and 1983 are dischargeable under 11 U.S.C. § 727. The Internal Revenue Service argues that debtor's obligations for 1981 and 1982 taxes is not dischargeable under 11 U.S.C. § 523(a)(1)(B)(i) since the debtor failed to file a federal income tax return, Form 1040, for the 1981 and 1982 tax years. The IRS also argues that since debtor did not file a Form 1040 for the 1983 tax year, the debtor's obligation for 1983 taxes is not dischargeable.

### FACTS

The facts are not disputed except to the extent debtor stated that he did file a tax return for the year 1983. The debtor's counsel agreed with the statement of the case set forth in the brief of the Internal Revenue Service, and I find that the statement accurately sets forth the facts of this case. For convenience I herein set them forth as my findings of fact:

The debtor did not file federal income tax returns for the years 1981 and 1982. However, the Examination Division of the Internal Revenue Service (IRS) made a determination of the debtor's tax liabilities for the years 1981 and 1982. On September 20, 1985, the IRS made an assessment against the debtor for his 1981 federal income tax in the amount of $1,660.98, interest in the amount of $251.49 and penalties in the amount of $305.04. On September 23, 1985, the IRS made an assessment against the debtor for his 1982 federal income tax in the amount of $30,960.40, interest in the amount of $11,529.04, and penalties in the amount of $16,977.88. The debtor filed amended returns, Form 1040X, for his 1981 and 1982 tax years on January 28, 1986.

\* \* \* \* \* \*

In addition, the IRS has not made a liability determination with regard to the debtor's 1983 tax year.

I also conclude, as a finding of fact, that the debtor did not file a Form 1040 for the 1983 tax year.

### CONCLUSION OF LAW AND DISCUSSION

Debtor's obligation to the Internal Revenue Service for federal income tax liabilities for the years 1981 and 1982 are not dischargeable because the debtor did not file a tax return. *See*, 11 U.S.C. § 523(a)(1)(B)(i). The debtor argues that since he filed amended returns (Form 1040X) for the years 1981 and 1982 the exception to discharge provided in § 523(a)(1)(B)(i) is not applicable. I conclude that the amended returns filed by the debtor should not be considered a "return"

for the purpose of § 523(a)(1)(B)(i). The amended returns were filed by the debtor after the Internal Revenue Service made a determination of the debtor's tax liabilities and made an assessment of taxes for the years at issue. The debtor then filed the amended return by which the debtor sought to challenge the assessments. Although I am not aware of any cases on point, I conclude that the amended returns filed should not be viewed as returns which operate to make the debtor's tax liabilities for the 1981 and 1982 dischargeable. In fact, if one considers the substance of the amended returns, it is apparent that the debtor asserted that he in fact had no tax liabilities for the years at issue. I believe that this result is generally supported by analogy and inference by decisions which include *Badaracco v. Commissioner*, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984); *Zellerbach Paper Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934); *National Paper Products Co. v. Helvering*, 293 U.S. 183, 55 S.Ct. 132, 79 L.Ed. 274 (1934); *Kaltreider Construction, Inc. v. United States*, 303 F.2d 366, 368 (3rd Cir.1962).

I therefore conclude that debtor's obligations which arise from 1981 and 1982 tax obligations are not dischargeable in this bankruptcy case.

As stated above, I have concluded that the debtor did not file a income tax return for the year 1983. Since no return was filed for 1983, the debtor's obligations to the Internal Revenue Service for taxes attributable to the 1983 tax year are not dischargeable in this bankruptcy case. *See* § 523(a)(1)(B)(i).

A separate order will be entered.