In re William C. HINDENLANG, Debtor.

William C. HINDENLANG, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 96–10250.
Adv. No. 96–1028.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Feb. 24, 1997.

Alan J. Statman, Cincinnati, OH, for Plaintiff.

Gregory S. Nickerson, U.S. Department of Justice, Washington, DC, for IRS.

## DECISION ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding relates to the dischargeability of certain federal income tax debts in the plaintiff/debtor's Chapter 7 bankruptcy case filed on January 22, 1996. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(F).

The plaintiff's complaint in this adversary proceeding requests a determination of the dischargeability of his federal income tax liability. In this complaint, plaintiff asserts that the following tax debts to the Internal Revenue Service ("IRS") were listed in his schedules and are dischargeable:

| | |
|---|---|
| 1985– | $14,949.26 |
| 1986– | 21,621.64 |
| 1987– | 12,043.47 |
| 1988– | 16,879.65 |
| 1989– | 5,916.12 |
| 1991– | 4,524.61 |
| 1992– | 890.49 |

Plaintiff asserts in his complaint that he filed with the IRS the requested returns for the above years at least three years prior to the filing of his bankruptcy petition. Thus, he contends that the taxes are dischargeable under 11 U.S.C. § 727(a). In response, IRS answers that any taxes due are nondischargeable pursuant to 11 U.S.C. § 523(a)(1), contending first, that the document filed by plaintiff cannot be regarded as a tax return, and, second, that the plaintiff's failure to file his 1985–1988 tax returns prior to being assessed by the IRS for those taxes prevents consideration of what was filed as being a tax return. The parties are now in agreement that the tax liabilities for 1989 and 1991 are dischargeable, and that the tax liability for 1992 is nondischargeable under 11 U.S.C. § 523(a)(1) as a tax that was due within three years prior to the petition date.

Now before the court are cross-motions for summary judgment on the dischargeability of the tax liability for the years 1985–1988, and the parties' responses thereto. With his motion for summary judgment, plaintiff/debtor filed copies of amended Forms 1040 for the years here in controversy, 1985 through 1989. (In a Stipulation filed with the court, Document 14 in the file, the parties agree that these were received by IRS on December 6, 1993.) With its motion, IRS filed a number of exhibits, including the same forms

submitted by plaintiff, and also Certificates of Assessment for each of the years 1985–1988 and also 1992; "30–day Letters" with attached proposed tax and penalties for each of the years 1985–1988; Notices of Deficiency for years 1985–1987; and a transcript of the deposition of plaintiff.

We find the following facts. The plaintiff did not timely file tax returns for the years 1985–1988. The IRS sent "30–day letters" to the plaintiff requesting that the plaintiff consent to the taxes which the IRS calculated with "Substitutes for Return" or explain why the tax liabilities should be different from the calculated amounts. These letters were sent on April 12, 1990 for the tax years 1985 and 1986, April 26, 1990 for the tax year 1987, and December 31, 1990 for the tax year 1988. The IRS then sent Notices of Deficiency to the plaintiff between August and December of 1990 requesting again that the plaintiff consent to its calculation of the taxes, or, in the alternative, that the plaintiff file a petition in the U.S. Tax Court within 90 days to avoid assessment of the taxes as calculated by the IRS. The plaintiff filed tax returns for the years 1985–1988 received by IRS on December 6, 1993. The documents filed by the plaintiff on December 6, 1993, were substantially similar to the "Substitutes for Return" earlier prepared by IRS. The parties have agreed that plaintiff's taxes for 1989 and 1991 are dischargeable, and that for 1992 is nondischargeable. What remains in issue is dischargeability of taxes for 1985, 1986, 1987 and 1988.

On these facts, plaintiff argues that the tax liability for the years 1985–1988 is dischargeable under 11 U.S.C. § 727(a) because there is no basis for excepting the tax debt from discharge under 11 U.S.C. § 523(a)(1). Plaintiff states that he filed tax returns for years 1985–1988 in December of 1993. He contends that because he actually filed returns and because this filing was more than two years prior to the filing of his bankruptcy petition the exceptions to discharge in § 523(a)(1) do not apply. In addition, he contends that the exceptions incorporated into § 523(a)(1) from 11 U.S.C. § 507(a)(8) do not apply since the taxes from 1985–1988

were due more than three years prior to the petition date.

Addressing the dischargeability of the tax liability for the years 1985–1988, IRS contends in its memorandum that the taxes are nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i) on the basis that no returns were filed by plaintiff. IRS argues that the documents which were received by IRS on December 6, 1993, were not returns because they were based on the IRS SFRs and were not self-assessed by plaintiff. Further, IRS asserts that because plaintiff's returns were filed after IRS assessed plaintiff's tax liability, plaintiff's right to file a return was extinguished, what plaintiff filed cannot be regarded as a return, and plaintiff's tax liability must be excepted from discharge under § 523(a)(1)(B)(i).

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in bankruptcy by Fed.R.Bankr.P. 7056. The moving party bears the initial burden of showing that there is no issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

Under § 523(a)(1)(A) of the Bankruptcy Code, taxes are excepted from discharge if they first became due within three years of the date of the bankruptcy petition. *See* 11 U.S.C. § 507(a)(8). Section 523(a)(1)(B) further excepts from discharge taxes:

§ 523. **Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and

after two years before the date of filing of the petition.

The burden of proving that a debt is nondischargeable is on the party opposing discharge, here IRS. *In re Black,* 787 F.2d 503, 505 (10th Cir.1986).

■ The first position of IRS with which we deal is its contention that, since the filings of tax returns were not based on self-assessment, they should not be regarded as tax returns. We hold this position to be without merit. Supreme Court precedent establishes that a proper return must have the following attributes: (1) it must purport to be a return; (2) it must be sworn to as such; (3) it must contain sufficient data to allow calculation of tax; and (4) it must appear on its face to constitute an honest and genuine endeavor to satisfy the law. *See Germantown Trust Co. v. Comm'r,* 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940); *Zellerbach Paper Co. v. Helvering,* 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934); *see also Beard v. Comm'r,* 82 T.C. 766, 1984 WL 15573 (1984), *aff'd,* 793 F.2d 139 (6th Cir.1986).

■ The IRS does not appear to dispute that the returns submitted by plaintiff in 1993 were proper Forms 1040, were executed and sworn to by plaintiff, contained sufficient information to calculate the tax and were not facially irregular or otherwise fraudulent. In fact, the IRS accepted similar Forms 1040 for the years 1989 through 1992, which were filed on the same day as the Forms 1040 for the years 1985 through 1988. Moreover, the IRS does not assert that the form or substance of the returns interfered with the handling or verification of the tax returns. The first position of IRS fails.

The cases upon which IRS relies for a contrary conclusion in its first position we find unpersuasive. The case of *In re Arenson,* 134 B.R. 934 (Bankr.D.Neb.1991) is distinguishable because in debtor's amended return after assessment, he contended that he had no liability whatever, while in the case at hand debtor admitted significant tax liability. Moreover, it is unclear whether the holding is based on infirmity in the type of forms filed, or untimeliness of the forms. In *In re Pruitt,* 107 B.R. 764 (Bankr.D.Wyo.1989),

debtor filed no return at all, so that case is simply inapposite to that before us here.

■ We turn then to the contention of IRS that plaintiff's amended returns should not be regarded as returns for dischargeability purposes because they were filed after the IRS had assessed his taxes for 1985–1988 and issued SFRs for those years. We find this contention also to be without merit. When a statute is clear in its plain language, the court need not go any further in interpretation of the statute. *United States v. Ron Pair Enterprises,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). The position of the IRS would result in this court placing a significant additional requirement on the taxpayer to avoid nondischargeability, that is, filing a return prior to assessment. Such a requirement is not expressed in the statute, and we will not interpret the statute to so require for a few additional reasons. *See In re Sullivan,* 200 B.R. 327, 331 (Bankr. N.D.Ohio 1996) ("The legislative history ... suggests no reason to apply section 523(a)(1)(B) other than in accord with the ordinary meaning of its language").

First, we must start from the proposition that exceptions to discharge are to be narrowly construed. *In re Ward,* 857 F.2d 1082, 1083 (6th Cir.1988) ("Exceptions to dischargeability are to be construed strictly"); *Werner v. Hofmann,* 5 F.3d 1170, 1172 (8th Cir.1993); *In re Enis,* 149 B.R. 471, 474 (Bankr.N.D.Ohio 1992). Further, the IRS's argument requires a departure from the strict statutory language of § 523(a)(1)(B)(i) which does not base the discharge of taxes on whether a return was filed prior to assessment. Such departures have been disfavored in the context of dischargeability of taxes. *See e.g., In re Smith,* 96 F.3d 800, 802 (6th Cir.1996) ("We have been rather consistent in denying 'equitable' pleas to disregard the strict timing rules of the Tax and Bankruptcy Codes").

Second, 11 U.S.C.. § 523(a)(1)(B)(ii) provides a time requirement for filing a return for dischargeability purposes. In this section, the "2–year rule", Congress dealt specifically with the issue of when a return must be filed in order for the tax liability for that year to be dischargeable. The section re-

quires filing of a return more than two years prior to the petition date. The section makes nondischargeable any tax from a required return which:

> (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition;

11 U.S.C. § 523(a)(1)(B)(ii).

This 2–year rule sets a time line which debtors must observe to gain discharge of their taxes. The section does not include any language concerning the assessment of the tax. Instead, the section creates a bright-line rule which says that if the debtor's return was filed less than two years pre-petition, the associated taxes are nondischargeable. Congress chose not to place significance on the time of assessment. This intent is clear when considering that Congress was aware of the role of assessment in dischargeability by virtue of the requirements of 11 U.S.C. § 507(a)(8)(A)(ii). The inclusion of assessment in this section, but not in § 523(a)(1)(B), suggests that Congress intended to allow filing of returns regardless of whether assessment has occurred. *Lynch v. Johns–Manville Sales,* 710 F.2d 1194, 1197 (6th Cir.1983) ("It is a fundamental rule of statutory construction that inclusion in one part of a congressional scheme of that which is excluded from another part reflects a congressional intent that the exclusion was not inadvertent").

In reaching the conclusion which we do, we find strong support in the decision of Judge David Snow in *In re Sullivan,* 200 B.R. 327 (Bankr.N.D.Ohio 1996). In *Sullivan,* the IRS sought to except from discharge taxes for years in which returns were not filed until after the 90–day period for filing a petition in the U.S. Tax Court had run, but prior to the assessment of the taxes by IRS. In *Sullivan,* IRS asserted an argument similar to that asserted here—tax returns filed after the period for challenging IRS's determination of tax liability are legally ineffective and therefore not returns for dischargeability purposes. The court expressly refused to address the exact question presently before this court, whether returns filed after assess-

ment are "returns" for dischargeability purposes. *Id.* at 332. However, the reasoning of the court in *Sullivan* is helpful in the analysis of the present case.

The court in *Sullivan* rejected the IRS argument that a return filed after the 90–day period for the debtor to contest the IRS determination of debtor's tax liability was not a return for dischargeability purposes. *Id.* In reaching this conclusion, the court found that neither the plain language of § 523(a)(1)(B), nor the legislative history of that section, was helpful to the IRS position that the time the debtor filed his return was critical in determining whether it was a "return" for dischargeability purposes. *Id.*

We perceive a balance in the dischargeability of taxes which should not be disturbed by the requirement which the IRS asks this court to impose upon debtors. The court in *Sullivan* identified this balance by stating:

> Section 523(a) reflects a compromise between conflicting objectives of bankruptcy and tax law—providing the debtor a fresh start and enforcing tax collections. The obligation for recent taxes is not dischargeable even though the debtor has filed all returns and paid all taxes to the extent of his ability. On the other hand old taxes are dischargeable unless the debtor is guilty of fraud or has willfully attempted to avoid or defeat the tax, 11 U.S.C. § 523(a)(1)(C), or has failed to file a required return. 11 U.S.C. § 523(a)(1)(B)(i). In the latter situation, the debtor may still discharge the taxes in question if he files a late return and if more than two years expire before he files his bankruptcy case. *Id.*

*Sullivan,* 200 B.R. at 331.

We conclude, therefore, that the second ground of IRS for nondischargeability is without merit.

The authorities relied upon by IRS in support of its contention here under discussion are distinguishable. To support its argument that the documents filed by the plaintiff were not returns because they were filed after the time to self-assess, IRS cites *Blenheim v. Commissioner,* 125 F.2d 906, 910 (4th Cir.1942) and *Plunkett v. Commissioner,*

118 F.2d 644, 650 (1st Cir.1941). In *Blenheim*, the court applied a federal taxing statute applicable to foreign corporations. The court found that since the taxpayer did not timely file a return, it could not enjoy the benefits of the deductions and credits generally provided to foreign corporations. 125 F.2d at 910. In *Plunkett*, the court held that the taxpayer could not avoid penalties incurred due to nonfiling by simply filing a late return. 118 F.2d at 650. Clearly, neither case stands for the proposition asserted by IRS in the present case. Further, no citations to the Internal Revenue Code for this proposition have been provided.

Additionally, IRS relies on the following cases, cases which we also find to be unpersuasive. The court in *In re Gentry*, 1995 WL 644045 (Bankr.M.D.Tenn.1995) held in a brief, unreported decision, that the debtor submitted his returns "too late" to qualify as returns for discharge purposes; however, the court did not discuss the significance of the IRS assessment in making its determination that the returns were filed too late. *Id.* In *In re Gushue*, 126 B.R. 202 (Bankr.E.D.Pa. 1991), the court found that a stipulated decision entered in the U.S. Tax Court did not constitute a return for purposes of § 523(a)(1). The basis for the decision was not the timeliness of the filing, but the adequacy of the stipulation as a return. 126 B.R. at 204.

In light of the foregoing discussion, we hold that the plaintiff's tax liability for the years 1985 through 1988 is discharged. Thus, plaintiff's Motion for Summary Judgment will be granted and defendant's Motion for Summary Judgment will be denied.