**In re MICKENS.**

**Robert S. MICKENS, Appellant,**

**v.**

**UNITED STATES, INTERNAL REVENUE SERVICE, Appellee.**

**No. 3:97 CV 7499.**

United States District Court, N.D. Ohio, Western Division.

Sept. 22, 1997.

Mark R. McBride, Elizabeth A. Vaughan, Toledo, OH, for appellant.

Stacy Hallett, Tax Div. Department of Justice, Washington, DC, Ralph J. Lewis, Office of U.S. Attorney, Toledo, OH, for appellee.

## *MEMORANDUM OPINION*

KATZ, District Judge.

This matter is before the Court on Debtor-Appellant Robert S. Mickens' appeal from the Bankruptcy Court's determination that his tax liability for the years 1980–1982 is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(i) because the 1040 Forms filed by Mickens for those years did not constitute "tax returns" for purposes of dischargeability. For the following reasons, the determination of the Bankruptcy Court will be affirmed.

### *I. BACKGROUND*

The facts are not in dispute. Debtor-Appellant failed timely to file tax returns for the years 1980–1982. Pursuant to its procedures, the Internal Revenue Service ("IRS") prepared substitute returns, and assessed Debtor-Appellant's tax liabilities for those years. The assessment was performed on April 2, 1985. Debtor-Appellant did not assist in the preparation of the substitute returns, nor did the substitute returns bear his signature.

On September 17, 1992, Debtor-Appellant filed 1040 forms for the years 1980–1982. On December 20, 1995, Debtor-Appellant filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code.

Debtor-Appellant and the IRS dispute whether Debtor-Appellant's tax liability for the years 1980–1982 can be discharged in bankruptcy. The Bankruptcy Court found that the Debtor's failure to file a tax return before the IRS properly assessed the tax liability rendered his tax liability non-dischargeable for failure to file a return. It is from this judgment that Debtor-Appellant appeals.

### *II. DISCUSSION*

■ The issue before the Court is whether the 1040 forms filed by Debtor-Appellant over seven years after the IRS assessed Debtor-appellant's tax liabilities constitute "tax returns" for purposes of dischargeability. In a Chapter 7 bankruptcy, the individual generally receives a discharge from all debts that arose before the commencement of the case. 11 U.S.C. § 727. However, the Bankruptcy Code exempts from discharge any debt "for a tax . . . with respect to which a return, if required, was not filed." 11 U.S.C. § 523(a)(1)(B)(i). Thus, if the 1040 forms filed by Debtor-Appellant constitute "tax returns," the tax liabilities are dischargeable; if the 1040 forms are not "tax returns," the tax liabilities are not dischargeable.

■ In order to constitute a "tax return" for purposes of dischargeability under 11 U.S.C. § 523(a)(1)(B)(i), a document must: (1) purport to be a return; (2) be sworn to as such, under penalties of perjury; (3) contain sufficient data to allow calculation of tax; and (4) appear on its face to constitute an honest and genuine endeavor to satisfy the law. *See Germantown Trust Co. v. Comm'r,* 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940); *Zellerbach Paper Co. v. Helvering,* 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934); *In re Hindenlang,* 205 B.R. 874 (Bankr.S.D.Ohio 1997). The parties agree that the 1040 forms filed by Debtor-Appellant purport to be returns, are sworn to as such, and contain sufficient data to allow calculation of Debtor-Appellant's tax liability. The sole dispute is whether the forms appear to constitute an honest and genuine endeavor to satisfy the law.

Debtor-Appellant argues that the fact that the IRS had already calculated Debtor-Appellant's tax liability long before Debtor-Appellant filed the 1040 forms is irrelevant to a determination of whether the forms appear to constitute an honest and genuine endeavor to satisfy the law. So long as the forms are not facially irregular, and the content of the forms does not interfere with the handling or verification of the returns, the documents are valid "tax returns."

The Government responds that a document cannot appear to constitute an honest and genuine endeavor to satisfy the law where it is a legal nullity; *i.e.,* where it can have no legal effect. By forcing the IRS to undertake the task of determining his tax liability (as this taxpayer did with respect to his tax years 1980–82), the taxpayer is not complying with the law. The Government points out that the filing of a 1040 after the

taxpayer's liability has already been assessed has no legal effect: it does not allow tax liability to be assessed; it cannot affect the amount of the tax liability; it is not effective to commence the three-year assessment period under 26 U.S.C. § 6501(a); it does not affect the delinquency period for purposes of calculating civil penalties for failure to file a tax return under 26 U.S.C. § 6651(g); [1] it does not purge the taxpayer of fraud; and it does not affect the taxpayer's criminal liability under 26 U.S.C. § 7203 for failure to file a tax return. Debtor-Appellant does not contest the Government's assertion that the 1040 forms filed by Debtor-appellant were, in fact, legal nullities for all purposes under the tax law, and has not attempted to suggest any way in which they have legal effect, other than his suggestion that the forms should make his tax liability for the years 1980–82 dischargeable.

The Court agrees with the Government. Section 523(a)(1)(B)(i) "was meant to encourage honest and self-generated reporting taxpayers, not to immunize non-reporting debtors who, once caught, seek to discharge their discovered tax obligations along with other debts in bankruptcy." *In re Haywood*, 62 B.R. 482, 486 (Bankr.N.D.Ill.1986). Courts, in determining whether a given document constitutes a "tax return," typically place great weight on the taxpayer's cooperation in the auditing process, consent to immediate assessment, and assistance in the preparation of the assessment. *See Matter of Berard*, 181 B.R. 653, 657 (Bankr.M.D.Fla. 1995). No such cooperation appears from the record in this case; indeed, the record indicates instead that Debtor-Appellant is a non-reporting debtor who, now that he has been caught, seeks to discharge his discovered tax obligations along with other debts in bankruptcy. He has given this Court no convincing argument to support his contention that this Court should find an inoperative document–a legal nullity–to be an "honest and genuine endeavor to satisfy the law."

This Court is not convinced by the reasoning of *In re Hindenlang*, 205 B.R. 874 (Bankr.S.D.Ohio 1997), which came to the opposite conclusion. The judge in that case

held that the IRS' position "would result in this court placing a significant additional requirement on the taxpayer to avoid nondischargeability, that is, filing a return prior to assessment. Such a requirement is not expressed in the statute, and we will not interpret the statute to so require." *Id.* at 877. That reasoning, however, begs the question of what constitutes a "tax return."

While it is true that § 523(a)(1)(B)(i) permits the discharge of certain tax liabilities for which returns were filed, and does not expressly state that such returns must be filed prior to assessment, it is also true that § 523(a)(1)(B)(i) does not expressly state that such returns must purport to be returns, be sworn to as such, and contain sufficient data to allow calculation of tax—all requirements which Debtor-Appellant concedes that he must meet. He must also meet the requirement that the documents filed by him appear to be an honest and genuine endeavor to satisfy the law. A 1040 form filed over seven years after the IRS has assessed Debtor-Appellant's tax liability simply does not meet this standard. A finding for Debtor-Appellant in this case would accomplish nothing except to create an incentive for taxpayers to avoid filing returns with no intent whatsoever of satisfying the law, to wait until they were caught and assessed, and then to file belated tax returns for the sole purpose of enabling themselves thereafter to discharge their tax liabilities in bankruptcy. This the Court will not condone.

Accordingly, the Court finds that the Bankruptcy Court did not err in holding that the 1040 forms filed by Debtor-Appellant were not "tax returns" for purposes of 11 U.S.C. § 523(a)(1)(B)(i), and that his tax debts are not dischargeable, pursuant to that provision.

### III. CONCLUSION

The order of the Bankruptcy Court is affirmed.

**IT IS SO ORDERED.**

1. Rev. Rul. 76–562, 1976–2 C.B. 430.