**In re John C. PIERCHOSKI, Debtor.**

**United States of America, Internal Revenue Service, Appellant,**

v.

**John C. Pierchoski, Appellee.**

Civ.A. 98–123J.
Bankruptcy No. 96–22017 BM.
Adversary No. 97–2414 BM.

United States District Court,
W.D. Pennsylvania.

March 15, 1999.

John C. Pierchoski, Ebensburg, PA, pro se.

Jessica Lieber Smolar, Asst. U.S. Attorney, Angelo Frattarelli, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, D.C., for appellant.

## MEMORANDUM and ORDER

D. BROOKS SMITH, District Judge.

### I. Introduction

The Internal Revenue Service ("IRS") appeals from the bankruptcy court's determination that certain unpaid federal income tax liabilities of the debtor, John C. Pierchoski, are dischargeable. *In re Pierchoski,* 220 B.R. 20 (Bankr.W.D.Pa.1998). The IRS contends that Pierchoski's tax obligations should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B)(i)[1] because he failed to file a "return." For the reasons that follow, I will vacate the judgment of the bankruptcy court and remand this matter for further proceedings consistent with this memorandum.

### II. Appellate Jurisdiction

Section 158(a) of the Judicial Code provides that "district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). In this case, the order discharging certain tax obligations of the debtor is a final decree appealable to the district court inasmuch as there is nothing further for the bankruptcy court to address. *See In re Comer,*

---

1. Section 523 provides, in pertinent part:
(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
(1) for a tax ...—
(B) with respect to which a return, if required—
(i) was not filed[.]
11 U.S.C. § 523(a)(1)(B)(i).

716 F.2d 168, 171 (3d Cir.1983) (quoting *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101 (3d Cir.1981)).

## III. *Standard of Review*

■ I review the bankruptcy court's order by applying the standards set forth in *In re Sharon Steel Corp.*, 871 F.2d 1217 (3d Cir.1989). That case instructs that a district court must apply "a clearly erroneous standard to findings of fact, conduct[ ] plenary review of conclusions of law and must break down mixed questions of law and fact, applying the appropriate standard to each component." *Id.* at 1222.

## IV. *Facts and Procedural History*

The facts are not in dispute. Pierchoski failed to file federal income tax returns for calendar years 1983 through 1989. On March 16, 1992, the IRS sent Pierchoski a Notice of Deficiency, otherwise known as a 90 day letter. The notice indicated the following deficiencies in income tax:

| Tax Year Ended | Deficiency |
| --- | --- |
| December 31, 1983 | $7,908.00 |
| December 31, 1984 | $7,499.00 |
| December 31, 1985 | $7,604.00 |
| December 31, 1986 | $8,396.00 |
| December 31, 1987 | $8,480.00 |
| December 31, 1988 | $7,067.00 |
| December 31, 1989 | $8,194.00. |

R.—dkt. no. 9, govt. exh. 1. The notice also advised Pierchoski that he could "contest this deficiency in court" by filing a petition with the United States Tax Court for a redetermination of the deficiency within ninety days from the date of the letter. *Id.*

Pierchoski pursued the relief available from the Tax Court. During the course of that litigation, the parties agreed to the above deficiencies for the taxable years from 1983 through 1989, plus statutory assessments due under §§ 6651(a)(1) and 6654 of the Internal Revenue Code. R.—dkt. no. 9, govt. exh. 2. The parties also agreed that the deficiencies for the taxable years from 1983 through 1989 had not been computed with certain prepayment credits. *Id.* Each of the parties signed the stipulation. *Id.* Upon presentation of the agreement to the Tax Court, the stipulation was entered as an order on June 16, 1993. *Id.*

On September 13, 1993, the IRS assessed tax liabilities for the taxable years from 1983 through 1989 in the amounts set forth in the stipulation approved by the Tax Court. The following month, Pierchoski filed for each of these tax years an individual federal income tax return on the IRS' Form 1040. Each 1040 included the information set forth in the stipulation approved by the Tax Court, as well as information regarding Pierchoski's wages, the amount of federal tax withheld, the total payments made and the amount of tax owed. The Tax Court's decision approving the stipulation was appended to each of the 1040s.

On April 19, 1996, Pierchoski filed a petition seeking relief under Chapter 7 of the Bankruptcy Code. The bankruptcy court observed that Pierchoski listed no other creditors as having claims against the bankruptcy estate and found that Pierchoski's "purpose in filing for bankruptcy was to have the debt owed to [the] IRS discharged." 220 B.R. at 22.

A discharge and final decree were entered on November 27, 1996. Thereafter, the IRS sought to garnish Pierchoski's wages and he moved to reopen his bankruptcy case. Pierchoski's motion to reopen the bankruptcy case was granted, and he initiated an adversary proceeding to determine the dischargeability of the tax debt owed to the IRS for 1983 through 1989.

The IRS claimed that the taxes were excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B)(i) because Pierchoski's 1040s were filed after the IRS issued its assessments. In the IRS' view, the assessments precluded Pierchoski's 1040s from constituting "returns" under § 523(a)(1)(B)(i) because they no longer functioned as the voluntary self-assessment device integral to a functional federal

income tax system. *See* 220 B.R. at 23 (characterizing IRS' argument).

The bankruptcy court rejected this argument and adopted the reasoning set forth in *In re Hindenlang*, 205 B.R. 874, 876–78 (Bankr.S.D.Ohio), *aff'd*, 214 B.R. 976 (S.D.Ohio 1997), *rev'd*, 164 F.3d 1029 (6th Cir.1999). There, the bankruptcy court refused to read into § 523(a)(1)(B)(i) a requirement that a tax obligation is subject to discharge only if the return was filed prior to the assessment of taxes by the IRS. 205 B.R. at 877. It reasoned that

> Congress chose not to place significance on the time of assessment. This intent is clear when considering that Congress was aware of the role of assessment in dischargeability by virtue of the requirements of 11 U.S.C. § 507(a)(8)(A)(ii). The inclusion of assessment in this section, but not in § 523(a)(1)(B), suggests that Congress intended to allow filing of returns regardless of whether assessment has occurred.

205 B.R. at 878; *see also In re Savage*, 218 B.R. 126 (10th Cir. BAP 1998) (citing with approval *Hindenlang*, 205 B.R. at 874). The bankruptcy court in this case observed that its adoption of the bankruptcy court's decision in *Hindenlang, supra*, was consistent with the Third Circuit's instruction that exceptions to discharge should be strictly construed in favor of the debtor. 220 B.R. at 24 (citing *In re Fegeley*, 118 F.3d 979, 983 (3d Cir.1997)).

The bankruptcy court also rejected as meritless the IRS' second argument that Pierchoski's 1040s did not qualify as a "return" under the four-part test derived from *Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940), and *Zellerbach Co. v. Helvering*, 293 U.S. 172, 55 S.Ct. 127, 79 L.Ed. 264 (1934). Under that test, for a document to qualify as a "return,"

> (1) it must purport to be a return; (2) it must be sworn to as such; (3) it must

contain sufficient data to allow calculation of the tax owed; and (4) it must appear on its face to be an honest and reasonable attempt to satisfy the law. *Pierchoski*, 220 B.R. at 24 (citing *Germantown Trust, supra*, and *Zellerbach, supra*). The bankruptcy court found that the IRS conceded the first three elements. With regard to the final element, that court noted that the information on Pierchoski's 1040s was consistent with the amounts set forth in the stipulation which was binding on both parties. It concluded that Pierchoski "did file tax 'returns' for purposes of 11 U.S.C. § 523(a)(1)(B)(i)" and denied the IRS' motion for summary judgment. *Id.* at 25.

In the appeal now before me, the IRS argues that the 1040s Pierchoski submitted did not constitute "returns" under § 523(a)(1)(B)(i) because they failed to provide the information necessary to calculate the tax due and were not an honest and reasonable attempt to satisfy the requirements of the tax law. The IRS urges this court to disregard the *In re Hindenlang* decision, which was affirmed by the district court, because the decision has been "expressly rejected", dkt. no. 2, at 12, by the bankruptcy court in *In re Mickens*, 215 B.R. 693 (Bankr.N.D.Ohio), *aff'd*, 214 B.R. 976 (N.D.Ohio 1997).[2]

During the pendency of this appeal, the Sixth Circuit reversed the judgment entered in the debtor's favor in *In re Hindenlang*, 164 F.3d at 1029. The IRS now urges this court to follow that decision. Dkt. no. 4. The Sixth Circuit addressed "whether Hindenlang's Forms 1040, filed after the IRS had made a formal assessment, 'represent an honest and reasonable attempt to satisfy the requirements of the tax law[,]'" *id.* at 1034, such that it constituted a "return" under the *Zellerbach/Germantown Trust* decisions. The court held that a

> Form 1040 is not a return [for purposes of 11 U.S.C. § 523(a)(1)(B)] if it no long-

---

**2.** There, the bankruptcy court held that a debtor's individual tax returns, filed seven years after the IRS issued assessments, no

longer constituted "returns" under § 523(a)(1)(B)(i) because they had no legal effect under the tax laws. 215 B.R. at 695.

er serves any tax purpose or has any effect under the Internal Revenue Code. A purported return filed too late to have any effect at all under the Internal Revenue Code cannot constitute "an honest and reasonable attempt to satisfy the requirements of the tax law." Once the government shows that a Form 1040 submitted after an assessment can serve no purpose under the tax law, the government has met its burden.

*Id.* Because the debtor in *In re Hindenlang* could not demonstrate that his returns served any tax purpose, the Sixth Circuit concluded that the filed documents were not "returns" and the debtor's tax obligations were not dischargeable pursuant to § 523(a)(1)(B). 164 F.3d at 1035.

Pierchoski, who is proceeding *pro se,* argues that his tax debt should be discharged and relies upon the "lower court's opinion because the judge ruled correctly on the law." Dkt. no. 3, at 4.

## V. *Discussion*

 I find the Sixth Circuit's decision in *In re Hindenlang,* 164 F.3d at 1029, persuasive. The bankruptcy judge, at the time of his ruling, did not have the benefit of the Sixth Circuit's decision. Nonetheless, the result reached by that panel did not require it to engraft a timing requirement onto § 523(a)(1)(B), a step which the bankruptcy court rightly sought to avoid. Instead, the Sixth Circuit's ruling instructs that the determination of whether a debtor's submission to the IRS constitutes a "return" under § 523(a)(1)(B) of the Bankruptcy Code must take into account whether that submission would qualify as a return for any purpose under the Internal Revenue Code. 164 F.3d at 1035.

 Here, it appears that the 1040s filed by Pierchoski neither served as a means for self-assessment nor as a trigger for the three-year statute of limitations in which an assessment may be entered. *In re Hindenlang,* 164 F.3d at 1035. Therefore, consistent with *Hindenlang,* I conclude that the IRS has, pursuant to its

burden, made a prima facie showing that the 1040s filed by Pierchoski after the IRS' issuance of the formal assessments were not an honest and reasonable effort to satisfy the tax law. Pierchoski should, however, be afforded the opportunity to attempt to demonstrate that the 1040s he filed on October 14, 1993 served some "tax purpose" under the Internal Revenue Code. For that reason, I will vacate the bankruptcy court's order and remand this matter for further proceedings consistent with this opinion. If Pierchoski is able to demonstrate that his 1040s had a tax purpose or some effect under the Internal Revenue Code, then again the IRS' motion for summary judgment should be denied. Otherwise, it should be granted.

Accordingly, it is hereby ORDERED AND DIRECTED this 15th day of March 1999, consistent with the foregoing Memorandum, that the April 8, 1998 order of the bankruptcy court discharging the debtor's tax obligation is VACATED and this matter is remanded for further proceedings consistent with this memorandum. The Clerk shall mark this case CLOSED.