In re John C. PIERCHOSKI, Debtor.

John C. Pierchoski, Plaintiff,

v.

United States of America, Internal Revenue Service, Defendant.

Bankruptcy No. 96–22017–BM.
Adversary No. 97–2414–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

July 28, 1999.

John C. Pierchoski, Ebensberg, PA, pro se.

Angelo A. Frattarelli, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for defendant.

### Plaintiff's Motion For Partial Summary Judgment After Remand

BERNARD MARKOVITZ, Chief Judge.

### *MEMORANDUM OPINION*

We previously determined that the debt owed to Internal Revenue Service by debtor John Pierchoski for unpaid federal income taxes for tax years 1983 through 1989 was dischargeable and on that basis entered summary judgment in favor of debtor and against Internal Revenue Service in the above adversary action.

The precedent upon which our decision was based was subsequently reversed, causing our reviewing court to vacate the order and remand to allow debtor an opportunity to demonstrate that Forms 1040 he filed with Internal Revenue Service **after** it had assessed him for the taxes had a tax purpose or some effect under the Internal Revenue Code. If he so demonstrates, the District Court has directed, we must enter summary judgment in debtor's favor. If he fails to do so, however, we must enter summary judgment in favor of Internal Revenue Service.

We determine, for reasons set forth below, that debtor has **not** shown that the Forms 1040 he ultimately filed with Internal Revenue Service had a tax purpose or some effect under the Internal Revenue Code. Consequently we shall enter summary judgment in favor of Internal Revenue Service and against debtor. The debt he owes to Internal Revenue Service for unpaid federal income taxes for tax years 1983 through 1989 is excepted from discharge.

## FACTS

The pertinent facts of this case were set forth in detail in our previous decision in *Pierchoski v. Internal Revenue Service (In re Pierchoski)*, 220 B.R. 20 (Bankr. W.D.Pa.1998) and hereby are incorporated as if fully set forth herein. We therefore shall not recite them here.

Understandably displeased with our decision, Internal Revenue Service appealed to the District Court, which issued a memorandum and order vacating our judgment and remanding the matter for further proceedings consistent with its memorandum.

Our decision was based in large part on the reasoning set forth in *In re Hindenlang*, 205 B.R. 874 (Bankr.S.D.Ohio), *aff'd*, 214 B.R. 976 (S.D.Ohio 1997). Approximately nine months after we had issued our decision, the United States Court of Appeals for the Sixth Circuit concluded the Forms 1040 Hindenlang had submitted to Internal Revenue Service after it had assessed him for unpaid income taxes were not "returns" for purposes of 11 U.S.C. § 523(a)(1)(B)(i) and reversed the decision of the District Court.

The District Court in our case adopted the reasoning of the Sixth Circuit in *Hindenlang* and concluded on March 15, 1999, that Internal Revenue Service had made out a *prima facie* case that the Forms 1040 debtor had submitted to Internal Revenue Service approximately one month after it had assessed debtor were **not** an honest and reasonable effort to comply federal tax laws. Acting out of an abundance of caution, however, the District Court decided that debtor Pierchoski should be afforded an opportunity to demonstrate that the 1040s he filed with Internal Revenue Service served some "tax purpose" under the Internal Revenue Code. It vacated our judgment and remanded the matter for further proceedings. We were directed to enter summary judgment in favor of Internal Revenue Service if debtor fails to so demonstrate.

Obviously eager to make the required showing, debtor renewed his motion for summary judgment on April 2, 1999. We conducted a hearing on the matter on June 10, 1999.

## DISCUSSION

### A.) *In re Hindenlang.*

The facts of Hindenlang bear a decided resemblance to the facts presented in our case.

Internal Revenue Service served Hindenlang with 30–day notices of deficiency in 1990 after he had failed to file timely federal income tax returns for tax years 1985 through 1988. Thereafter it prepared and served upon Hindenlang substitute income tax returns for these tax years. When Hindenlang did not execute them or otherwise respond, Internal Revenue Service served him with 90–day deficiency notices. Hindenlang did not challenge the deficiencies in tax court. After waiting for the prescribed period, Internal Revenue Service assessed the tax deficiencies against Hindenlang. *Hindenlang*, 164 F.3d at 1031.

Two years after the assessments were made, Hindenlang finally filed Forms 1040 with Internal Revenue Service for the tax years at issue. His calculation of the taxes owed was identical to what was contained on the substitute returns Internal Revenue Service had prepared in 1990. Hindenlang did not, however, pay any of the taxes owed. *Id.*

In 1996, some three years after he had filed the Forms 1040 and some five years after Internal Revenue Service had assessed him for the taxes, Hindenlang filed a voluntary chapter 7 petition, seeking to discharge the debt owed to Internal Revenue Service for these unpaid taxes. Shortly thereafter he commenced an adversary action seeking a determination that the debt owed to Internal Revenue Service was dischargeable. *Id.*

The bankruptcy court determined that Hindenlang had filed a tax "return" and entered summary judgment in his favor and against Internal Revenue Service. The district court affirmed the decision of the bankruptcy court. *Id.*

The threshold issue on appeal was whether the Forms 1040 Hindenlang had filed with Internal Revenue Service qualified as "returns" for purposes of § 523(a)(1)(B)(i). More precisely, the Sixth Circuit set out to determine when a purported return is filed too late to qualify as a bona fide tax return. After looking at the Internal Revenue Code and concluding that it did not directly provide an answer, the Sixth Circuit applied the four-part test which we also had employed the first time around. If a document is to qualify as a bona fide tax "return", it must: (1) purport to be a tax return; (2) be executed under penalty of perjury; (3) contain sufficient information to enable calculation of the amount of tax owed; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax laws. 164 F.3d at 1033–34.

The Sixth Circuit concluded that, if a Form 1040 is filed too late to serve a tax purpose or to have any effect at all under the Internal Revenue Code, it cannot as a matter of law qualify as an "honest and reasonable attempt to satisfy the requirement of the tax laws" and therefore cannot qualify as a tax "return" for purposes of § 523(a)(1)(B)(i). In particular, it concluded that a Form 1040 filed **after** Internal Revenue Service has assessed a taxpayer for unpaid taxes **cannot** as a matter of law qualify as a bona fide tax return for this reason. 164 F.3d at 1034–35.[1] Such a filing, it reasoned, is too late to have any effect on the ability of Internal Revenue Service to enter an assessment or to collect on it through levy or judicial proceeding and does not affect the taxpayer's civil or criminal liability. 164 F.3d at 1035.

The rationale for the Sixth Circuit's holding goes as follows. The purpose of a tax return is not merely to provide tax information in some form but also to provide it "with such uniformity, completeness, and arrangement that the physical task of handling and verifying tax returns may be readily accomplished". *Commission v. Lane–Wells Co.*, 321 U.S. 219, 223, 64 S.Ct. 511, 88 L.Ed. 684 (1944). Our tax system would implode if taxpayers were permitted to report the correct amount of tax owed after the government has gone to the trouble and expense of determining on its own a taxpayer's tax liability. 164 F.3d at 1033.

Both civil and criminal penalties can result if one fails to file a timely tax return. 164 F.3d at 1034. An "unjustifiable inconsistency" would result if a taxpayer who is subject to both civil and criminal penalties for filing a late "return" could find a "safe harbor" under the Bankruptcy Code by having their tax debt discharged by the simple expedient of filing a bankruptcy petition.

### B.) *Did Debtor Make An Honest And Reasonable Attempt To Satisfy The Requirements Of The Tax Laws?*

█ Debtor insists that the fourth of the above required elements is satisfied in this case and that the Forms 1040 he filed therefore qualify as tax returns for purposes of § 523(a)(1)(B)(i).

---

1. Although serving some tax purpose or having an effect under the tax laws is a necessary condition for satisfying the fourth of the above-listed required elements, this may not be a sufficient condition for satisfying it. 164 F.3d at 1035 n. 7.

According to debtor, he consistently raised good faith challenges to the actions of Internal Revenue Service and finally filed Forms 1040 when he did only after exhausting all available remedies. Before he filed the Forms 1040, debtor had challenged the 30–day deficiency notices and substitute tax returns prepared by Internal Revenue Service. He also contested the deficiency in tax court, where he entered into a stipulation and agreed to a monthly payment plan, to which he adhered for two years until a dispute arose concerning whether debtor had made a payment. According to debtor, he filed Forms 1040 only after he had run out of avenues of recourse and had stipulated to his tax liability in the tax court proceeding. This, debtor would have us conclude, suffices to demonstrate that he made "an honest and reasonable attempt to comply with the tax laws."

■ This argument is without merit. Debtor's actions may (or may not) have been taken in good faith. Moreover, they may (or may not) indicate that he made "an honest and reasonable attempt to comply with the tax laws". This, however, is not enough. *Hindenlang,* which the District Court has directed us to apply, holds that the filing of a Form 1040 **must** serve some tax-related purpose or have an effect under the tax laws for it to qualify as "an honest and reasonable attempt to comply with the tax laws" and therefore as a bona fide tax return for purposes of § 523(a)(1)(B)(i).

Standing alone, the above-recited conduct does not establish that the filing of the Forms 1040 served a tax purpose or had an effect under the tax laws. At best, it shows only that debtor disagreed with the contention of the Internal Revenue Service that he owed federal income taxes and that he finally relented and filed the Forms 1040 only after he had run out of ways to continue disagreeing with Internal Revenue Service.

Perhaps recognizing this, debtor also asserts that the Forms 1040 he eventually filed qualify as "returns" in that they contained information from which Internal Revenue Service could determine his tax liability. As support for the proposition that they qualify as "returns" for this reason, debtor cites to *U.S. v. Wunder,* 919 F.2d 34, 35 (6th Cir.1990). This argument fares no better than did the previous one.

■ *Wunder* does not assert that a Form 1040 qualifies as a bona fide tax "return" if it contains sufficient information for determining one's tax liability. As we read *Wunder,* it instead holds only that such information is a necessary, as opposed sufficient, condition of a bona fide tax "return".

Moreover, as enunciated in *Hindenlang,* the presence of sufficient information to make possible calculation of tax liability is the third of the four elements required for a filing to qualify as a bona fide "return". The requirement that a filing represents an honest and reasonable attempt to comply with the tax laws—and therefore must have some tax purpose or effect under the tax laws—is the fourth element. This final element presumably is different from the third element and therefore requires **something other than** what the third element requires before it is satisfied. A showing that a Form 1040 filed after the Internal Revenue Service has assessed the taxpayer contains enough information to enable Internal Revenue Service to calculate one's tax liability is not sufficient in light of *Hindenlang* to establish that one has made an honest and reasonable attempt to comply with federal income tax law.

Based on the foregoing, we conclude that the fourth of the above required elements for a tax "return" was not satisfied in this case and that debtor has not established that the Forms 1040 he belatedly filed with Internal Revenue Service amount to tax "returns" for purposes of § .523(a)(1)(B)(i). Permitting debtor in this case to have his federal income tax liability discharged not only would under-

mine the purpose of requiring one to file a voluntary tax return, it also would produce the "inconsistency in the law" which we previously noted when discussing the rationale of the Sixth Circuit in *Hindenlang*. We therefore shall enter summary judgment in favor of Internal Revenue Service and against debtor. His unpaid tax liability to Internal Revenue Service is not discharged.

An appropriate order shall issue.