In re Douglas W. BERGSTROM, Debtor.

Douglas W. BERGSTROM, Appellant,

v.

UNITED STATES of America, Appellee.

No. 90–8088.

United States Court of Appeals,
Tenth Circuit.

Nov. 13, 1991.

Janet L. Tyler (Dennis K. Ridley with her on the brief) of Dennis K. Ridley & Associates, Cheyenne, Wyo., for appellant.

Brian C. Griffin (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, William S. Estabrook and Kevin M. Brown, Tax Div., Dept. of Justice; Richard A. Stacy, U.S. Atty., of counsel; on the brief), Dept. of Justice, Washington, D.C., for appellee.

Before McKAY, Chief Judge, BARRETT and BRORBY, Circuit Judges.

BARRETT, Senior Circuit Judge.

Douglas W. Bergstrom (Bergstrom) appeals from the order of the district court affirming the bankruptcy court's denial of Bergstrom's motion to have his income tax liabilities for the years 1979, 1980 and 1981 discharged in his bankruptcy proceeding.

## BACKGROUND

The relevant facts are not in dispute and will be briefly summarized. Bergstrom failed to file federal income tax returns for taxable years 1979, 1980 and 1981. The Internal Revenue Service (IRS) prepared documents entitled "substitute for returns" (hereinafter "substitute returns") for those years. (R., Vol. I, Tab 7 at 2). Bergstrom neither participated in the preparation of the substitute returns nor consented to their preparation; further, the returns were not signed by either Bergstrom or the preparer (i.e., the IRS). (R., Vol. I, Tab 7 at 5). The substitute returns for 1979 and 1980 were filed on February 8, 1984, and

the substitute return for 1981 was filed on April 11, 1983. The substitute returns reflected Bergstrom's tax liability based upon information from W–2 forms and 1099 forms; however, the returns did not include any deductions. (R., Vol. I, Tab 7 at 2). Based upon the substitute returns, a statutory notice of deficiency was mailed to Bergstrom for the 1979, 1980 and 1981 tax years. (R., Vol. I, Bankruptcy Docs. at p. 11).

Bergstrom filed a Chapter 7 bankruptcy petition on November 2, 1988. After the Trustee determined that the case was a "no asset" case, a final decree was entered on April 12, 1989. On September 25, 1989, the bankruptcy court reopened the case based on Bergstrom's motion which he filed when the IRS began collection on claimed deficiencies. Bergstrom then filed a motion to determine tax liability. Following a hearing, the bankruptcy court denied the motion on November 29, 1989. (R., Vol. I, Tab 7 at p. 2). The denial was appealed to the district court, where a hearing was held. The district court affirmed the bankruptcy court. (R., Vol. I, Tab 7 at p. 6).

## DISTRICT COURT'S ORDER

In its "order affirming decision of bankruptcy court with findings," the district court found that the issues raised in the instant case were matters of first impression in this circuit and that the body of law in the area was sparse. (R., Vol. I, Tab 7 at p. 3).

The district court found that the substitute returns "were not contemplated as § 6020 returns but rather were simply necessary bookkeeping devices to enable appropriate assessments to be made." The court further found that in order to have obtained a discharge, Bergstrom would have had to file the tax returns himself. (R., Vol. I, Tab 7 at p. 5).

## APPELLATE CONTENTIONS

On appeal, Bergstrom seeks determination on the following issues: (1) whether substitute returns prepared by the IRS should be considered filed returns for purposes of 11 U.S.C. § 523(a)(1)(B); (2) whether substitute returns prepared by the IRS are dischargeable when they are prepared more than three years prior to filing a bankruptcy petition; and (3) whether penalties assessed as a result of the substitute returns are dischargeable under 11 U.S.C. § 523(a)(7)(B).

## DISCUSSION—CONCLUSION

We hold that the district court did not err in affirming the bankruptcy court's denial of Bergstrom's motion to determine tax liability. However, we hold that the district court erred in determining that the tax penalties were nondischargeable. Therefore, we affirm in part and reverse in part.

■ Because the relevant facts are undisputed and only legal issues have been appealed, our review is de novo. *In re Thompson*, 894 F.2d 1227 (10th Cir.1990).

### I.

■ Bergstrom contends that substitute returns prepared by the IRS are filed returns for purposes of 11 U.S.C. § 523(a)(1)(B).

Under 11 U.S.C. § 523(a)(1)(B),

(a) A discharge under Section 727, . . . does not discharge an individual debtor from any debt—

(1) for a tax . . .

(B) with respect to which a return, if required—

(i) was not filed . . .

The language of this statute is clear. An individual's tax liability is nondischargeable in bankruptcy when the liability results from the individual's failure to file a return. The clear meaning of this statute is reinforced by the Report of the Senate Finance Committee which outlined the intent of the statute:

[T]he debtor should not be able to use bankruptcy to escape these kinds of taxes [arising from his deliberate misconduct]. Therefore, these taxes have no priority in payment from the estate but survive as continuing debts after the case.

*In re Haywood,* 62 B.R. 482, 485 (Bkrtcy. N.D.Ill.1986) (*quoting* S.Rep. No. 95–1106, 95th Cong., 2nd Sess. 22 (1978)). See also *In re Rench,* 129 B.R. 649, 651 (Bkrtcy. D.Kan.1991). The legislative history of the statute further provides,

> Also included in the nondischargeable debts are taxes for which the debtor had not filed a required return as of the petition date, or for which a return had been filed beyond its last permitted due date (§ 523(a)(1)(B)).

*Id.,* (*quoting* S.Rep. No. 95–989, 95th Cong., 2nd Sess. 78 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5864). See also *Rench* at 651.

The Internal Revenue Code permits the Secretary to prepare a return for any person who fails to do so as required by law. The Secretary prepares the return from his own knowledge and from any information he can obtain. 26 U.S.C. § 6020(b)(1) (1988). The Code further provides that any return prepared by the Secretary "shall be prima facie good and sufficient for all legal purposes." 26 U.S.C. § 6020(b)(2) (1988). However, the return prepared by the Secretary must be signed by the delinquent taxpayer before it can be accepted as the filed return of the taxpayer. 26 U.S.C. § 6020(a) (1988).

The substitute return may be prepared on a Form 1040, *In re Chastang,* 116 B.R. 833 (Bkrtcy.M.D.Fla.1990), or a Form 870, *In re D'Avanza,* 101 B.R. 787 (Bkrtcy. M.D.Fla.1989).

■ Courts have held that 26 U.S.C. § 6020(b) provides the IRS with some recourse if a taxpayer fails to file a return as required under 26 U.S.C. § 6012, but that it does not excuse a taxpayer from the filing requirement. *Moore v. C.I.R.,* 722 F.2d 193, 196 (5th Cir.1984). ("That section [26 U.S.C. § 6020(b)] provides the Secretary with some recourse should a taxpayer fail to fulfill his statutory obligation to file a return, and does not supplant the taxpayer's original obligation to file established by 26 U.S.C. § 6012."). See also *United States v. Lacy,* 658 F.2d 396, 397 (5th Cir. 1981). ("... the purpose of section 6020(b)(1) is to provide the Internal Revenue Service with a mechanism for assessing the civil liability of a taxpayer who has failed to file a return, not to excuse that taxpayer from criminal liability which results from that failure."). We agree.

Many other courts have addressed the issue of whether a substitute return constitutes a filed return, and they have found that it does not. See, *In re Crawford,* 115 B.R. 381, 383 (Bkrtcy.N.D.Ga.1990); *In re Pruitt,* 107 B.R. 764, 766 (Bkrtcy.D.Wyo. 1989); *In re Hofmann,* 76 B.R. 853, 854 (Bkrtcy.S.D.Fla.1987); *Haywood* at 486; *D'Avanza* at 789; *Chastang* at 834; *Rench* at 651. We agree.

We hold that substitute returns do not constitute filed returns in the absence of the signature of the taxpayer, as required by 26 U.S.C. § 6020(a).

## II.

Bergstrom contends that substitute returns prepared more than three years prior to filing a bankruptcy petition are dischargeable.

In view of the fact that we have held that the substitute returns in this case are nondischargeable under 11 U.S.C. § 523(a)(1)(B), this issue is moot.

## III.

■ Bergstrom contends the penalties assessed as a result of the substitute returns are dischargeable under 11 U.S.C. § 523(a)(7)(B).

The IRS acknowledges that our decision *In re Roberts,* 906 F.2d 1440 (10th Cir. 1990), holding that the tax penalties imposed on an event which occurred more than three years before the filing of bankruptcy are dischargeable under 11 U.S.C. § 523(a)(7)(B), controls here. That decision was not available to the district court when it rendered its decision in this case.

In light of *Roberts,* we hold that the district court erred in determining the tax penalties nondischargeable.

Accordingly, we AFFIRM in part and REVERSE in part.