In re John Hamilton **MATHIS,**
**Jr., Debtor.**

**John Hamilton Mathis, Jr., Plaintiff,**

v.

**The United States of America,**
**Defendant.**

No. 99–8525–CIV.
Bankruptcy No. 97–35722–BKC–SHF.
Adversary No. 98–3053–BKC–SHF–A.

United States District Court,
S.D. Florida.

May 22, 2000.

Michael R. Bakst, Bakst, Cloyd and Bakst, P.A., West Palm Beach, FL, for Plaintiff.

Paul G. Gill, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## ORDER REVERSING SUMMARY JUDGEMENT AND REMANDING CASE FOR FURTHER PROCEEDINGS

HURLEY, District Judge.

The question presented by this appeal from the bankruptcy court is whether a signed Treasury (IRS) Form 4549, which qualifies as a return for tax purposes, is a "return" within the meaning § 523(a)(1)(B) of the Bankruptcy Code. This court concludes the terms are synonymous and, consequently, the order on appeal must be reversed.

### I. Factual Background

Debtor John Mathis, a self-employed real estate consultant, failed to file timely tax returns for the years 1983 through 1990. Moreover, he did not make estimated tax payments required of self-employed individuals. His proffered excuse was that "he was a bad record keeper ...." Smiler Dep. at 52. The IRS initiated an audit and, during the ensuing year-and-a-half, Mathis met with an IRS agent every two or three weeks for a total of fifteen to twenty meetings. *Id.* In the course of these sessions, Mathis provided the agent with "the information that was needed to come to the substantially correct tax liability." *Id.* at 33. As a result, the agent was able to reconstruct Mathis' income and expenses and calculate his tax liability. The agent prepared a Form 4549 for each of the applicable years,[1] and Mathis signed each one. Subsequently, the forms were filed and accepted by the IRS. *Id.* at 33, 50. By signing, Mathis consented to the immediate assessment and collection of the

---

1. Form 4549–CG states the name, address, and social security number of Mathis. In the top right corner under it states return form number 1040.

taxes and waived certain appellate rights.[2] Nonetheless, over $700,000 in tax obligations remained unpaid.

In November of 1997, Mathis filed for voluntary bankruptcy under Chapter 7 and listed the United States as a creditor. He instituted an adversary proceeding seeking to discharge the tax debt. His summary judgement motion asserted that the Forms 4549 were "returns" within the meaning of the Tax and Bankruptcy Codes and, therefore, the unpaid tax obligations were dischargeable. The government objected, arguing that the absence of a penalty-of-perjury clause on Forms 4549 rendered them a nullity. Contending that no returns had been filed, the government invoked § 523(a)(1)(B) of the Bankruptcy Code for the proposition that the tax obligations were not subject to discharge. The bankruptcy court agreed with the government and entered summary judgment in its favor. Thereupon the debtor instituted this appeal.

## II. Standard of Review

■ "On appeal the district court ... may affirm, modify, or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous." Bankr.R. 8013. Conclusions of law are subject to de novo review. *See In re General Dev. Corp.*, 84 F.3d 1364, 1367 (11th Cir.1996) (citing *In re Chase and Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir.1990)).

## III. Analysis

■ A fundamental principle of bankruptcy law is that an honest but unfortunate debtor is entitled to a fresh start. *See In re Griffith*, 206 F.3d 1389, 1394 (11th Cir.2000); *see also* 11 U.S.C. § 727(a). The Bankruptcy Code, however, contains exceptions to the general rule.

For example, § 523(a)(1)(B)(i) prohibits the discharge of an unpaid tax obligation where a return, if required, was not filed. The Tenth Circuit has noted that "[t]he language of this statute is clear. An individual's tax liability is not dischargeable in bankruptcy when the liability results from the individual's failure to file a return." *In re Bergstrom*, 949 F.2d 341, 342 (10th Cir.1991). "Also included in the nondischargeable debts are taxes for which the debtor has not filed a required return as of the petition [for bankruptcy] date ...." *Id.*

■ In the case at bar, the bankruptcy court concluded that the debtor had not filed returns and, consequently, the tax obligations were not dischargeable. The court reached this conclusion after focusing on the absence of a penalty-of-perjury clause on Form 4549 and finding that it was an indispensable prerequisite for a valid tax return. The bankruptcy court based its ruling on *Beard v. Commissioner*, 82 T.C. 766, 1984 WL 15573 (T.C.1984), which cited a line of Supreme Court cases holding that, for statute of limitations purposes, a taxpayer-submitted return must be filed under penalty of perjury. These cases recognize that the federal tax collection system is largely dependent upon self assessment. Consequently, when a taxpayer asserts a statute of limitations defense to an alleged tax obligation, it is appropriate to look to the date on which the taxpayer provided required financial data under oath. *Beard* and its cited authority, however, do not speak to those instances in which the IRS agrees to act in concert with a taxpayer to prepare and receive a tax return. This scenario is addressed by 26 U.S.C. § 6020(a), which states:

> If any person shall fail to make a return required by this title or by regulations

---

2. The signature line of the Form 4549 does not contain a penalty of perjury clause. Rather it states that "I do not wish to exercise my appeal rights with the [IRS] or to contest in United States Tax Court the finding in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus additional interest as provided by law."

prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which being signed by such person, may be received by the Secretary as the return of such person.

Mathis, the debtor in the case at bar, did not file timely tax returns. The evidence, however, establishes without dispute that he cooperated fully with the IRS by disclosing all necessary information to permit the preparation of Forms 4549 for the missing years. The IRS, in turn, prepared the forms which Mathis signed and adopted. Finally, the IRS filed and accepted the forms. Thus, every requirement of § 6020(a) was satisfied and, consequently, the signed Forms 4549 qualify as valid tax returns for purposes of the Tax Code.

The Internal Revenue Service has expressly acknowledged that documents other than a Form 1040 may constitute a valid tax return. In Revenue Ruling 74–203, the IRS stated Form 870–Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Over Assessment, Form 1902E—Report of Individual Income Tax Audit Changes, *and Form 4549, Income Tax Audit Changes, if signed by a debtor,* all qualify as tax returns within the meaning of 26 U.S.C. § 6020(a). The ruling states that: "Even though a document is not in the form prescribed for use as the appropriate return, it may constitute a return if it discloses the date from which the tax can be computed, is executed by the taxpayer, and is lodged with the [IRS]." Rev. Rul. 74–203 (1974). The court in *In re Wright,* 244 B.R. 451, 455 (Bankr.N.D.Cal.2000), discussed the rationale underlying the Revenue Ruling.

Although none of the forms specified in the Revenue Ruling require the taxpayer to sign under penalty of perjury, they are all executed under circumstances where the IRS has computed the taxpayer's tax liability. By signing the form, the taxpayer consents to the amounts so computed and permits the taxes to be immediately assessed without requiring the IRS to follow the notice of deficiency process. In this important respect, the effect of the taxpayer's signing these forms is the same as the effect of the debtor's filing a return.

Having concluded that the signed Forms 4549 qualify as tax returns, the remaining question is whether they are "returns" within the meaning of the Bankruptcy Code. Section 523(a)(1)(B)(i) prohibits the discharge of an unpaid tax obligation where a *return,* if required, was not filed. As with all questions of statutory interpretation, the starting point is the words of the statute. Section 523(a)(1)(B), however, does not define "return." Under normal circumstances, this would permit the court to consider the term's plain meaning under the principle that when terms used in a statute are undefined, they are to be given their ordinary meaning. *See FDIC v. Meyer,* 510 U.S. 471, 476, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994). In this instance, however, it is more appropriate to turn to a primary statutory source. A tax return, after all, is a creature of statute; it is whatever Congress says it is. In this instance, Congress has spoken definitively in the Tax Code. When Congress defines a conceptual term in a primary statute, *e.g.,* "return" in the Tax Code, and later uses the term, in its proper sense without a contrary or limiting definition in another statute, it is reasonable to assume that Congress, which is presumed to know the law, see *Cannon v. University of Chicago,* 441 U.S. 677, 696–98, 99 S.Ct. 1946, 1957–58, 60 L.Ed.2d 560 (1979), intended the term to be understood as originally defined.

Without question, Congress could have placed limiting definitions in the Bankruptcy Code, *e.g.,* "timely returns," or "returns submitted on Form 1040." Instead, it used the generic term "return." Bearing in mind that courts generally con-

strue statutory exceptions to discharge liberally in favor of the debtor, see *In re Griffith*, 206 F.3d at 1394, this court concludes that a Form 4549 which satisfies all of the requirements set forth in 26 U.S.C. § 6020(a), *i.e.*, it was completed in concert with the IRS after the taxpayer cooperated by providing full and truthful information, was signed by the taxpayer, and thereafter was filed and accepted by the IRS, constitutes a "return" for the purposes of § 523(a)(1)(B). *See In re Bergstrom*, 949 F.2d 341, 342 (10th Cir.1991) (substitute return prepared by IRS may be return if signed by the debtor); *In re Berard*, 181 B.R. 653 (Bankr.M.D.Fla. 1995) (signed Form 4549 is a return within the meaning of § 523(a)(1)(B)); *In re Gless*, 179 B.R. 646, 648 (Bankr.D.Neb. 1995) (IRS form prepared pursuant to § 6020(a) with cooperation of debtor and signed by debtor is a return under § 523(a)(1)(B)).

Numerous courts have held that signed IRS forms, other than a 1040, may constitute a tax return. *See, e.g., In re Lowrie*, 162 B.R. 864 (Bankr.D.Nev.1994) (substitute return that had debtor's signature on Form 1902–B constituted a return under § 523(a)(1)(B)(i); *In re Gless*, 181 B.R. 414 (Bankr.D.Neb.1993)("return" as used in § 523(a)(1)(B) is not limited to returns actually filed by debtor, but is broad enough to include a substitute return prepared by IRS if debtor signs that form and cooperates with IRS); *In re Carapella*, 84 B.R. 779 (Bankr.M.D.Fla.1988) (a signed Form 870 is a return as described in § 6020(a)).

The order on appeal reveals that the bankruptcy court was particularly troubled by the debtor's failure to file tax returns for eight successive years. This factor is relevant to the question whether the debtor/taxpayer willfully attempted to evade or defeat the payment of a tax. *See, e.g., In re Griffith*, 206 F.3d 1389, 1395 (11th Cir. 2000); *In re Birkenstock*, 87 F.3d 947 (7th Cir.1996); *Toti v. United States*, 24 F.3d 806 (6th Cir.1994). Since the bankruptcy court resolved the case on a threshold issue without reaching this question, it is free to do so on remand.

Accordingly, it is

**ORDERED** and **ADJUDGED** that the order of the bankruptcy court granting summary judgment in favor of the United States is **REVERSED** and the case is remanded for further proceedings consistent with this opinion.