**In re Robert/Mary VILLALON,
Debtors.**

**Robert/Mary Villalon, Plaintiffs,**

v.

**USA, IRS, Defendants.**

**Bankruptcy No. 99–3231.
Related No. 99–33289.**

United States Bankruptcy Court,
N.D. Ohio.

Aug. 8, 2000.

Brian Lautar, Toledo, OH, for plaintiff.

Fatina Purdie, Washington, DC, for defendant.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon Defendant's Motion for Summary Judgment, and Memorandum in Support. The Plaintiffs, within the time frame allotted by the Local Rules of Bankruptcy Procedure, did not file any response or memorandum in opposition to the Defendant's Motion. The Court has now had the opportunity to review the written arguments of the Defendant, including the supporting exhibit attached thereto, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Defendant's Motion for Summary Judgment should be Granted.

### FACTS

On August 9, 1999, the Debtors, Robert Villalon, Jr. and Mary Villalon (hereinafter referred to as the Debtors), petitioned this

Court for relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, the Debtors filed a Complaint, in accordance with Bankruptcy Rule 7001, to have certain tax debts owed to the Defendant, the Internal Revenue Service (hereinafter referred to as the IRS), determined dischargeable. The specific tax debts at issue, although not actually stated in the Plaintiffs' Complaint, involve the Debtors' tax liability for the years 1991, 1996, 1997 and 1998.[1]

On March 31, 2000, the IRS filed a motion for summary judgment seeking to have the Debtors' tax debts for the above stated years determined nondischargeable as a matter of law. With respect to this assertion, the IRS has placed the Debtors' tax debts into two separate categories. First, the IRS argues that the Debtors' tax debt for the 1991 tax year should be held nondischargeable on the basis that the Debtors failed to file a tax return for that tax year in contravention to 11 U.S.C. § 523(a)(1)(B)(i). In support of this argument, the IRS presented to the Court a certified copy of the "Certificates of Assessments and Payments" for the Debtor, Robert Villalon, Jr., which shows, among other things, that for the 1991 tax year no return was filed by the Debtor, and that a "Substitute for Return" was prepared for the Debtor by the IRS. The Debtors, however, contend that they did, in fact, file their 1991 tax return, but have been unable to offer to the Court any proof of this assertion beyond their bare allegations. The second category of tax debts, which the IRS asserts should be held nondischargeable, involve the Debtors' tax liability for the years 1996, 1997, and 1998. With respect to these tax debts, the IRS argues that as these tax debts were due less than three years before the filing of the Debtors' bankruptcy petition, such tax obligations fall within the exception to discharge enumerated in §§ 523(a)(1)(A) and 507(a)(8)(A) of the Bankruptcy Code.

1. To the extent that the Debtors have any tax liability for the years 1992, 1993, 1994 and

*LAW*

**Section 523.  Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

   (1) for a tax or a customs duty—

      (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

      (B) with respect to which a return, if required—

      (i) was not filed[.]

**Section 507.  Priorities**

(a) The following expenses and claims have priority in the following order:

   (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

      (A) a tax on or measured by income or gross receipts—

      (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition[.]

*DISCUSSION*

Determinations concerning the dischargeability of particular debts are core proceedings pursuant to 28 U.S.C. § 157(b). Thus, this case is a core proceeding.

When any debtor seeks bankruptcy relief, there is a presumption that all debts incurred by the debtor prior to the filing of the bankruptcy petition are dischargeable. *Riggs Nat'l Bank v. Ross (In re Ross)*, 180 B.R. 121, 127 (Bankr. E.D.Va.1994). To this end, exceptions to discharge are strictly construed in favor of

1995, the IRS agrees that such obligations are dischargeable.

the debtor, and thus any creditor contesting the dischargeability of a particular debt bears the burden of proving, by a preponderance of the evidence, that the debtor's obligation fits within one of the specifically enumerated statutory exceptions to discharge promulgated in § 523 of the Bankruptcy Code. *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1035 (6th Cir.1999). In the present case, the IRS contends, through its Motion for Summary Judgment, that it has met this burden as a matter of law. However, before addressing the merits of the arguments put forth by the IRS, the Court begins with an initial overview of the standards governing the Motion for Summary Judgment submitted by the IRS.

The standard for a summary judgment motion is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in pertinent part: A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In coming to a decision under this standard, a court is directed to view all the facts of the case in the light most favorable to the nonmoving party. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see also In re Bell*, 181 B.R. 311 (Bankr.N.D.Ohio 1995). In addition, in cases such as this where the moving party carries the burden of proof at trial, that party must establish that all of the essential elements of their claim are met. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986). To meet this requirement, the moving party must make a showing sufficient for a court to hold that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) *quoting* W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984). However, once the moving party has met their burden, the nonmovant may not merely rest upon their pleadings, but instead must resist the motion by setting forth specific facts which demonstrate that there is a genuine issue for trial. *Miller v. Lorain County Bd. of Elections*, 141 F.3d 252, 256 (6th Cir.1998).

■ For various policy reasons, the Bankruptcy Code proscribes the dischargeability of many different types of tax debts. In this case, the IRS has asserted, in its first category of nondischargeable debts, that the Debtors' 1991 tax obligation is nondischargeable because the Debtors did not file a tax return for the 1991 tax year. In support thereof, the IRS cites to § 523(a)(1)(B)(i) of the Bankruptcy Code which provides that a debtor is not entitled to receive a discharge for any tax liability in which a return is required to be filed, but was not filed. The purpose of this section has been described as a device to except from a bankruptcy discharge those tax obligations which the debtor willfully attempted to evade or defeat by not filing a tax return. *Blackwell v. Commonwealth of Virginia Department of Taxation (In re Blackwell)*, 115 B.R. 86, 89 (Bankr.W.D.Va.1990). In order for a creditor to meet their burden with respect to § 523(a)(1)(B)(i), three things must be shown: (1) a tax was owed; (2) the debtor was required to file a tax return with respect to the tax owed; and (3) the debtor did not actually file a tax return. With respect to these requirements, there is really no contention between the Parties that the IRS has sustained its burden for elements one and two. Therefore, the Court will only address the issue of whether the Debtors, as they contend, filed their 1991 tax return for purposes of § 523(a)(1)(B)(i).

The IRS claims that it has no record of the Debtors ever having filed a tax return for the 1991 tax year. As evidence of this

allegation, the IRS has submitted to the Court a "Certificate of Assessments and Payments" which certifies that the Debtors did not file a 1991 tax return.

In the case of *Gentry v. United States,* the Sixth Circuit Court of Appeals held that "Certificates of Assessments and Payments" are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made. 962 F.2d 555, 557 (6th Cir.1992). In addition, in *Brookman v. United States (In re Brookman),* the bankruptcy court, under facts similar to this case, held that a "Certificate of Assessment and Payments" is considered *prima facie* evidence that a debtor has not filed a tax return. 114 B.R. 769, 770 (Bankr. M.D.Fla.1990). Similarly, in the instant case, the Court has no difficulty in finding that the "Certificate of Assessments and Payments" submitted by the IRS establishes, for purposes of a summary judgment motion, its requisite burden under § 523(a)(1)(B). Of course, as also stated in this Court's analysis of the standards set forth for a summary judgment motion, the Debtors are free to rebut this finding by setting forth specific facts which demonstrate that there is a genuine need for a trial. *See discussion, supra.* However, as the Debtors have offered no evidence (beyond their mere allegations) to rebut the evidence offered by the IRS, the Court concludes that the Debtors did not file a 1991 income tax return.

■ Notwithstanding, it is not an absolute prerequisite that a debtor personally file a tax return in order to have a debt determined dischargeable for purposes of § 523(a)(1)(B). *Berard v. United States, (In re Berard),* 181 B.R. 653, 655–56 (Bankr.M.D.Fla.1995) (signed Form 4549 is a return within the meaning of § 523(a)(1)(B)). For example, under some circumstances it has been held that a "substitute for return" prepared by the IRS on behalf of a debtor, as was done in this case, may qualify as the filing of a tax return under § 523(a)(1)(B). *Bergstrom v. United States (In re Bergstrom),* 949 F.2d 341, 342 (10th Cir.1991) (substitute return prepared by IRS may be a return if signed by the debtor); *Gless v. USA/IRS (In re Gless),* 181 B.R. 414, 417 (Bankr.D.Neb. 1993) (return as used in § 523(a)(1)(B) is not limited to returns actually filed by debtor, but is broad enough to include a substitute return prepared by IRS if the debtor signs that form and cooperates with IRS); *Lowrie v. United States (In re Lowrie),* 162 B.R. 864, 866–67 (Bankr.D.Nev. 1994) (substitute return that had debtor's signature on Form 1902–B constituted a return under § 523(a)(1)(B)(i)).

■ Section 6020 of the Internal Revenue Code governs the handling of "substitute for returns" and provides that:

(a) Preparation of return by Secretary

If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

(b) Execution of return by Secretary

(1) Authority of Secretary to execute return

If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) Status of returns

Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

As this section shows, the Secretary may prepare a tax return on behalf of any person who fails to do so. However, as the above language also shows, paragraphs (a) and (b) of § 6020 differ as to the particular circumstances that must exist before the Secretary will prepare a taxpayer's return. This difference is significant for purposes of nondischargeability actions brought under § 523(a)(1)(B) as it is well settled in this Court that a "substitute for return," made by the Secretary under paragraph (b) of § 6020, does not qualify as a filed tax return for dischargeability purposes under § 523(a)(1)(B)(i) of the Bankruptcy Code.[2]  *Rank v. United States Internal Revenue Service (In re Rank)*, 161 B.R. 406 (Bankr.N.D.Ohio 1993); *Mickens v. United States, Internal Revenue Services (In re Mickens)*, 215 B.R. 693 (Bankr.N.D.Ohio 1997).

In line with this holding, the IRS has stated, in its filings with the Court, that the "substitute for return" prepared by the IRS was done pursuant to its powers under paragraph (b) of § 6020, and thus the return does not qualify as a filed tax return for purposes of § 523(a)(1)(B)(i). An examination of the evidence presented in this case fully supports this assertion as a "substitute for return" made under paragraph (a) of § 6020 requires the taxpayer's signature, and the Court, after examining the evidence presented in this case, cannot find that such a requirement has been met. Once more, the Debtors have offered no independent evidence to show that the "substitute for return" prepared on their behalf was done pursuant to the Secretary's powers under paragraph (a) of § 6020. Therefore, by process of elimina-

tion, as the Secretary did not prepare the Debtors' 1991 "substitute for return" pursuant to paragraph (a) of § 6020, the Secretary must have prepared the Debtors' 1991 "substitute for return" in accordance with paragraph (b) of § 6020. Accordingly, in accordance with the previous decisions issued by this Court, it is held, under the facts of this case, that the "substitute for return" prepared by the IRS for the Debtors' 1991 tax year does not qualify as a filed income tax return for purposes of § 523(a)(1)(B), and thus the Debtors' are not entitled to have their 1991 tax obligation discharge in bankruptcy.

The second category of tax debts, which the IRS seeks to hold nondischargeable, involve the Debtors' tax debts for the years 1996, 1997, and 1998, which according to the IRS are nondischargeable pursuant to §§ 523(a)(1)(A) and 507(a)(8)(A) of the Bankruptcy Code. For the following reason, the Court agrees with the position taken by the IRS.

Section 523(a)(1)(A) in conjuncture with § 507(a)(8)(A) provides that a "tax on or measured by income or gross receipts" for the last three taxable years is not dischargeable in bankruptcy. *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029 (6th Cir.1999). For purposes of this exception to discharge, the due date for the tax return, including any extension periods, is the starting point, and the date of the filing of the bankruptcy petition is the end point for the application of what is sometimes referred to as the three-year rule.  4 Collier on Bankruptcy ¶ 523.07[2][a] (15th Ed.1998). Upon apply-

---

**2.** Although the Court has not been directly presented with the issue, some courts have held that a "substitute for return" prepared by the IRS and otherwise meeting the requirements of paragraph (a) of § 6020 of the Internal Revenue Code, qualifies as a filed tax return for purposes of § 523(a)(1)(B)(i) of the Bankruptcy Code. *Gless v. United States, Internal Revenue Services (In re Gless)*, 179 B.R. 646, 648 (Bankr.D.Neb.1995) (IRS form prepared pursuant to § 6020(a) with the cooperation of the debtor and signed by the debtor is

a return under § 523(a)(1)(B).); *Bergstrom v. United States (In re Bergstrom)*, 949 F.2d 341, 343 (10th Cir.1991) (citing 26 U.S.C. § 6020(a), the court noted that a substitute return prepared by the IRS may be a 'return' if signed by the debtor.) *Gushue v. IRS (In re Gushue)*, 126 B.R. 202, 204–05 (Bankr. E.D.Pa.1991) (a debtor, who failed to file his tax returns, and who does not cooperate with the IRS in preparing a substitute return is not deemed to have filed a return for purposes of § 523(a)(1)(B)(i).)

ing this formula to the instant case, it becomes quickly discernable that none of the Debtors' tax obligations for the years 1996, 1997, and 1998 fall outside the three-year period established by § 507(a)(8)(A). In particular, given the fact that the Debtors filed for bankruptcy relief on August 9, 1999, while the Debtors' 1996 tax obligation, which was the earliest obligation due, did not actually become due until at least April 15, of 1997, none of the Debtors' tax obligations for the years 1996, 1997, and 1998 were more than three years past due when the Debtors petitioned this Court for bankruptcy relief. Consequently, such obligations, in accordance with §§ 523(a)(1)(A) and 507(a)(8)(A), are not subject to a bankruptcy discharge.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Defendant, the Internal Revenue Service, against the Plaintiffs, Robert Villalon, Jr. and Mary Villalon, be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that the tax obligations of the Plaintiffs, Robert Villalon, Jr. and Mary Villalon, to the Defendant, the Internal Revenue Service, for the years 1991, 1996, 1997, 1998, be, and are hereby, determined to be nondischargeable debts in bankruptcy.