### In re Billy Joe BROWN, Debtor.

### Billy Joe Brown, Plaintiff,

### v.

### United States of America, on behalf of Internal Revenue Service, Defendant.

Bankruptcy No. 01–11429–JDW.
Adversary No. 01–1033.

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

· May 14, 2002.

T. Lee Bishop, Jr., Albany, GA, for Debtor.

Lillian H. Lockary, Assistant U.S. Attorney, Macon, GA, for Defendant.

## MEMORANDUM OPINION

JAMES D. WALKER, JR., Bankruptcy Judge.

This matter comes before the Court on Debtor's Complaint to determine dischargeability of income taxes. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(I). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following decision in accordance with Federal Rule of Bankruptcy Procedure 7052.[1]

### Undisputed Facts

The Internal Revenue Service filed a statement of material facts, uncontested by Debtor, which recites the following: Debtor failed to file timely federal income tax returns for the years 1987, 1988, 1989, and 1990. As a result, the IRS filed substitute returns on behalf of Debtor for those years and sent Debtor statutory notices of deficiency for each year. Debtor never signed the substitute returns. In the absence of a timely response by Debtor, the IRS assessed the income taxes due for those years without Debtor's written consent. In addition, the IRS does not dispute Debtor's assertion that he entered into an installment payment agreement with the

---

1. The Court is not required to announce findings of fact on a summary judgment motion. Fed.R.Civ.P. 52(a), applicable to bankruptcy through Fed. R. Bankr.P. 7052. On a summary judgment motion, the Court does not make findings of fact, but rather determines whether any material facts are in dispute. *Gray v. Manklow (In re Optical Tech., Inc.)*, 246 F.3d 1332, 1335 (11th Cir.2001).

IRS, although neither party has provided the date the agreement was executed.

On August 7, 2001, Debtor filed a Chapter 7 petition. On November 6, 2001, he filed a Complaint to Determine Dischargeability of Taxes. The IRS filed a motion for summary judgment on April 9, 2002. Debtor has not responded to the motion.

### Conclusions of Law

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to bankruptcy through Bankruptcy Rule of Procedure 7056. Under Rule 56, a party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Evidence and reasonable factual inferences are viewed in the light most favorable to the nonmoving party. *Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1277 (11th Cir.2001).

Debtor seeks a determination that his federal income tax liability for the years 1987, 1988, and 1989 are dischargeable. The IRS has asserted that Debtor's tax liability for 1990 also is in issue. Section 727(b) provides a Chapter 7 debtor with a discharge of all prepetition debt, except as provided in Section 523.[2] Section 523(a)(1)(B) states that "[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... (1) for a tax ... (B) with respect to which a return, if required(i) was not filed." 11 U.S.C.A. § 523(a)(1)(B) (West 1993).

■ In an action to determine discharge under Section 523, the plaintiff must prove his case by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). Aside from his admissions in the complaint and answers to interrogatories, Debtor has submitted no evidence in this case.

■ The only "returns" held by the IRS are the substitute returns prepared by the IRS. The term "return" has not been defined by the Bankruptcy Code, and bankruptcy courts have adopted varying definitions, generally derived from tax law. The most stringent definition requires the following of a return: " '(1) it must purport to be a return; (2) it must be executed under penalty of perjury; (3) it must contain sufficient data to allow calculation of tax; and (4) it must represent an honest and reasonable attempt to satisfy the requirements of the tax law.' " *United States v. Hatton (In re Hatton)*, 220 F.3d 1057, 1060–61 (9th Cir.2000) (quoting *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029, 1033 (6th Cir.1999); *see also United States v. Ralph*, 266 B.R. 217, 219 (M.D.Fla.2001)) (quoting *Germantown Trust Co. v. Commissioner of Internal Revenue*, 309 U.S. 304, 308, 60 S.Ct. 566, 568, 84 L.Ed. 770 (1940)). In *Hatton*, the court concluded that neither an installment agreement nor a substitute return qualified as a return for two reasons. 220 F.3d at 1061. First, neither was signed by the debtor under penalty of perjury. *Id.* Second, neither represented "an honest and reasonable attempt to satisfy the requirements of the tax law" because the debtor did not begin to cooperate with the IRS until after they took action to levy his wages and seize his property. *Id.*

Most courts do not require that the return be signed under penalty of perjury so

---

**2.** "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter...." 11 U.S.C.A. § 727(b) (West 1993).

long as it is signed by the debtor and provides the necessary information for computing tax liability. *See Bergstrom v. United States (In re Bergstrom)*, 949 F.2d 341, 343 (10th Cir.1991); *Mathis v. United States (In re Mathis)*, 249 B.R. 324, 328 (S.D.Fla.2000); *Berard v. United States (In the Matter of Berard)*, 181 B.R. 653, 657 (Bankr.M.D.Fla.1995). In addition, courts give considerable weight to the debtor's cooperation when deciding whether or not a return has been filed. *Gentry v. United States*, 223 B.R. 127, 131–32 (M.D.Tenn.1998); *Gless v. USA/IRS (In the Matter of Gless)*, 181 B.R. 414, 417 (Bankr.D.Neb.1993).

Even using the most liberal definition for filing a return and viewing the facts in the light most favorable to Debtor, the IRS prevails. It is uncontroverted that Debtor did not sign the substitute return. There are no facts to show that Debtor cooperated with the IRS in determining his tax liability. To the contrary, he failed to respond to the notices sent to him by the IRS. Although Debtor signed an installment agreement, such an agreement to pay a tax debt is not equivalent to filing a return. Debtor has not alleged that the agreement contains the information necessary for computing tax liability, and, thus, has not provided any facts from which the Court could determine that the agreement constitutes a filed return. Neither the substitute returns completed by the IRS nor the installment agreement satisfy the requirements for a filing a return. As a result, the IRS is entitled to judgment as a matter of law. Debtor's tax debt for the years 1987, 1988, 1989, and 1990 are nondischargeable.

An Order in accordance with this Opinion will be entered on this date.